United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40973
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

FRANCISCO R. DOMINGUEZ, also known as Poncho,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas,
No. 4:04-CR-71-9

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Francisco R. Dominguez pled guilty to conspiracy to possess methamphetamine with the intent to distribute and was sentenced to forty-five months imprisonment. He argues that the district court plainly erred by increasing his sentence based on an additional 113 grams of methamphetamine. Because the district court's reliance on the PSR did not amount to plain error, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.  BACKGROUND

Dominguez was arrested in February 2003 for selling 435 grams of methamphetamine to a co-conspirator, Nadim Safdar. According to Dominguez's PSR, Safdar informed the FBI in a May 2003 interview that he had also purchased 113 grams from Dominguez at a stash house for illegal drugs.  Dominguez pled guilty in June 2004 to one count of conspiracy to possess methamphetamine with the intent to distribute in violation of 18 U.S.C. § 846.  After this court vacated and remanded his original sentence, Dominguez was resentenced in May 2006 to 45 months imprisonment based on a total of 548 grams of methamphetamine.

## II.  DISCUSSION

Dominguez argues that the attribution of the additional 113 grams of methamphetamine was based on the unreliable, uncorroborated, and unsworn statement of a co-conspirator.  See United States v. Shacklett, 921 F.2d 580 (5th Cir. 1991) (per curiam).  Because he did not make an objection before the district court, we review for plain error only.  See United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005).

District courts retain significant discretion in evaluating a PSR's reliability.  See United States v. Ingles, 445 F.3d 830, 839 (5th Cir. 2006) ("A PSR generally bear[s] indicia of reliability sufficient to permit reliance thereon at sentencing." (internal quotation marks omitted)).  However, "[b]ald, conclusory

statements do not acquire the patina of reliability by mere inclusion in the PSR." <u>United States v. Elwood</u>, 999 F.2d 814, 817-18 (5th Cir. 1993).  A defendant normally has the burden to show that information in the PSR is materially untrue, inaccurate, or unreliable.  <u>Cf.</u> <u>United States v. Taylor</u>, 277 F.3d 721, 725 (5th Cir. 2001) (burden on the government when a use-immunity agreement is involved); <u>Shacklett</u>, 921 F.2d at 584 (PSR not reliable where it was based on the probation officer's bald assertions but did not state "when, where, by whom, or for what purpose [the co-conspirator] was interviewed").

The PSR does not contain bald assertions by the probation officer, and Dominguez has not shown that the information in the PSR is incorrect or unreliable.  <u>See</u> <u>Ingles</u>, 445 F.3d at 839.  The district court did not plainly err by relying on the PSR's version of these events.  We decline Dominguez's invitation to turn the <u>Shacklett</u> court's observations about the probation officer's inadequacies in that case into mandatory PSR requirements.

**AFFIRMED.**